**UNITED STATES v. 178 GAMBLING DEVICES.**
**UNITED STATES v. 48 GAMBLING DEVICES.**

Nos. 18912, 18913.

United States District Court
S. D. Illinois, S. D.

Sept. 26, 1952.

Howard L. Doyle, U. S. Atty., and Marks Alexander, Robert G. Heckenkamp, Asst. U. S. Atty., Springfield, Ill., for the United States.

Schaefer O'Neill, O'Neill & O'Neill, Alton, Ill., Wilber F. Hacker, Gibbons & Hacker, Jerseyville, Ill., Ralph T. Smith, Alton, Ill., for various claimants.

Robert M. Magill, Springfield, Ill., for various claimants.

BRIGGLE, Chief Judge.

In each of these cases the United States Government has seized certain gambling devices commonly called slot machines under the provisions of an Act of Congress prohibiting the transportation of gambling devices in interstate and foreign commerce, Title 15 U.S.C.A. §§ 1171–1177, and is asking for an order of destruction of such devices on the theory that such machines have been possessed, used, owned and repaired in violation of the Act. Various claimants have intervened, challenging (1) the applicability of the Act to the devices in question, and (2) raising the question of whether the persons involved were dealers within the meaning of the Act. The first point involves legal and constitutional questions, the second largely a question of fact.

■ The purpose of the Act involved as indicated by its title is "To prohibit transportation of gambling devices in interstate and foreign commerce", and the various provisions of the Act must have some proper relation to its declared purpose if they are to be deemed valid. Congress, after defining the term "gambling device" provides that every manufacturer and dealer in gambling devices shall register with the Attorney General and shall make monthly reports to the Attorney General giving detailed information concerning the sale and shipment of such gambling devices. The Act expressly prohibits the transportation of such devices in interstate commerce and in a later provision authorizes the seizure and forfeiture of any gambling device "transported, delivered, shipped, manufactured, reconditioned, repaired, sold, disposed of, received, possessed, or used in violation of [the Act]."

The Government contends here that the machines in question were "sold, delivered, possessed, used, reconditioned and repaired" by one asserted to be a "dealer" within the provisions of the Act, without compliance by the dealer with the terms of the Act, and, therefore, subject to forfeiture. No contention is made that the machines in question at any time moved in interstate commerce. It should be borne in mind that this is not a proceeding against a manufacturer or dealer who has failed to comply with the Act, but a proceeding in rem against the alleged offending devices.

■ A careful study of the Act together with previous decisions of the Supreme Court of the United States on questions thought to be somewhat similar has convinced me that the Act can only be applicable to interstate transactions. Our cases involve only property possessed, repaired, sold and used within the State of Illinois, and I am of the opinion that the seizure provisions of the Act cannot be held operative as to such property for the reason that it is beyond the power of Congress to so regulate intrastate matters. Thus construed, the Act need not be held unconstitutional.

■ The Supreme Court of the United States has repeatedly held as valid various statutory enactments and regulations which in their application affect intrastate commerce, but in each instance upon the theory that such provisions implemented and made

effective the inhibitions leveled at interstate commerce, and that their effect on intrastate matters was incidental and in the orderly course of events unavoidable. For this reason, the requirements that a manufacturer or dealer in gambling devices register and file monthly reports of sale may well be held to be within the power of Congress as a means of prohibiting their movement in interstate commerce, although such manufacturer or dealer does not, in fact, ship such goods in interstate commerce at any time; but to penalize the possessor or user of such device (or to destroy the device itself), where he or it has not offended the interstate commerce provisions, would in effect require a holding that the Act created a substantive offense aimed primarily at intrastate commerce over which Congress has no power. This could not be said to be for the legitimate purpose of implementing the interstate commerce provisions. The construction for which the Government contends would, in my judgment, place such provisions beyond the reach of Congress.

Three other District Judges have, to my knowledge, passed upon similar seizures, but in each of those cases the decision rested largely upon a finding that the persons in question were not dealers. In two of the cases, however, there was an undeniable implication that the Court considered the Act applicable only to interstate transactions. See Judge Chesnut's opinion in Smith v. McGrath, D.C., 103 F.Supp. 286. The other memoranda are unpublished.

Having met head on the applicability question, I do not reach the fact question of whether certain persons were or were not "dealers."

The conclusion here reached is one which I deem to be a correct interpretation of a statute, and has no relation to my personal abhorrence of the slot machine and the slot machine racket. The slot machines in question, while they do not offend any *federal* laws, are owned and operated in violation of the law of Illinois; and, while this Court is without authority to order their destruction, I may with good conscience call their existence to the attention of the law enforcing officers of the counties involved as well as of the State, with the confident hope that they will perform their duty and will seize and destroy such contraband property.

It is my purpose, therefore, that the order to be presented, directing the release of the machines, shall direct the United States Marshal to give due notice in writing to the State's Attorneys and the Sheriffs of the Counties of Madison, Jersey and Morgan, and to the Governor, the Attorney General, and the Director of the Department of Public Safety of the State of Illinois, of the time and place when such machines shall be released, in order that they may have the opportunity of seizure and destruction of such contraband property.